**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-02511-REB-BNB

LEX BAER,

      Plaintiff,

v.

PEGGY HEIL, and
ARISTEDES ZAVAROS,

      Defendant.

---

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#18][1] filed August 3, 2011; and (2) plaintiff's **Objection to Recommendation To Grant Defendants['] Motion To Dismiss** [#21], filed September 20, 2011. I overrule the objection, adopt the recommendation, and grant the motion to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***,

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).[2] The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objection is imponderous and without merit.[3]

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#18], filed August 3, 2011, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objection to Recommendation To Grant Defendants['] Motion To Dismiss** [#21], filed September 20, 2011, are **OVERRULED**;

---

[2] Although the magistrate judge construed the motion as one for summary judgment, it does not appear he actually considered the evidence appended to defendants' motion to dismiss. That evidence purportedly demonstrates that plaintiff has been admitted to Phase II of the Sex Offender Treatment and Monitoring Program ("SOTMP"), thus, allegedly mooting his claims. I have not considered this evidence in my review of the underlying motion, the magistrate judge's recommendation, or plaintiff's objections, and thus, review the motion to dismiss under the standards applicable to Rule 12(b) motions.

[3] In his objection, plaintiff claims that the magistrate judge misconstrued the nature of his claim in considering whether defendants violated his due process rights by allegedly withholding treatment in the SOTMP prior to plaintiff's parole eligibility date. He asserts that, instead, his claim is merely that defendants have failed to provide notice of the criteria that are considered in determining whether a participant is successfully progressing in treatment. To the extent this argument can be detected in the allegations of plaintiff's complaint, it does not change the outcome. The essence of plaintiff's claim remains that the alleged "failure to provide Plaintiff [the] opportunity for treatment and treatment criteria by the time Plaintiff reached his [Parole Eligibility Date] of November 23, 2008 denied him the opportunity to be considered for parole[.]" (Objection ¶ 35 at 9.) Because plaintiff has no legitimate expectation in the wholly discretionary decision whether he may be released on parole, he has no cognizable liberty interest to which constitutional due process might apply.

3.   That defendants' **Motion To Dismiss** [#12], filed January 7, 2011, is **GRANTED**;

4.   That plaintiff's claims against defendants are **DISMISSED WITH PREJUDICE**; and

5.   That judgment **SHALL ENTER** on behalf of defendants, Peggy Heil and Aristedes Zavaras, against plaintiff, Lex Baer, as to all claims for relief and causes of action asserted in this action; provided, that the judgment shall be with prejudice.

Dated September 26, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge